[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14389
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-21775-KMW

RAFAEL CENDAN,

Plaintiff - Appellee,

versus

OFFICER JOSE TRUJILLO,
M.D.P.D. Badge #04862 Individually and Official Capacity,
OFFICER JASON RODRIGUEZ,
M.D.P.D. Badge #07663 Individually and Official Capacity,
OFFICER JESSICA COELLO,
M.D.P.D. Badge #07914 Individually and Official Capacity,
OFFICER JORGE GONZALEZ,
M.D.P.D. Badge #07959 Individually and Official Capacity,
OFFICER RICHARD PICHARDO,
M.D.P.D. Badge #05670 Individually and Official Capacity,
OFFICER MARLOYS MORALES,
M.D.P.D. Badge #05322 Individually and Official Capacity,

Defendants - Appellants,

OFFICER JOSE TORAL,
M.D.P.D. Badge #07997 Individually and Official Capacity, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 12, 2019)

Before TJOFLAT, ROSENBAUM, and BRANCH, Circuit Judges.

PER CURIAM:

Defendants-Appellants are police officers with the Miami-Dade Police Department who appeal the district court's order denying them qualified immunity at summary judgment on Plaintiff-Appellee Rafael Cendan's 42 U.S.C. § 1983 claim of excessive force. In January 2015, Cendan committed an armed robbery and led police on a roughly ten-minute chase before being surrounded in a shopping-center parking lot, forcibly removed from his vehicle, and arrested. He pled guilty in state court to armed robbery, fleeing and eluding, battery on a law enforcement officer, and resisting with violence. Cendan then sued Appellants under § 1983, claiming that, both during and after his arrest and handcuffing, Appellants used excessive force against him, resulting in severe injuries.[1] The district court denied qualified immunity after finding genuine issues of material fact as to whether Appellants used gratuitous force against Cendan after he had been handcuffed and subdued.

_____

[1] Cendan suffered a broken right eye socket, a broken nose, a fractured cheek bone, a fractured jaw, loss of top front teeth, and internal bleeding, among other injuries.

2

Appellants raise two arguments on appeal.  First, they contend that Cendan's excessive-force claim is barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), because success on the excessive-force claim would "necessarily imply the invalidity" of his conviction for resisting with violence.  *See id.* at 487.  Second, they argue that they did not violate clearly established law of which a reasonable officer would have been aware.

We affirm the district court largely for the reasons stated in its thorough and well-reasoned order of September 15, 2018.[2]

With regard to the first argument, the district court properly declined to apply the *Heck* bar under this Circuit's binding precedent.  As the court explained, "a successful § 1983 claim against an arresting officer for using excessive force does not necessarily negate an element of the underlying charge of resisting arrest with violence." *Dyer v. Lee*, 488 F.3d 876, 879 (11th Cir. 2007).  Due to *Heck*'s emphasis on "logical necessity"—whether a successful § 1983 suit would *necessarily* negate the underlying conviction—*Heck* does not bar a § 1983 suit if the plaintiff could prevail based on "a version of the facts which would allow the conviction to stand." *Id.* at 881, 883.

---

[2] We review *de novo* the denial of qualified immunity at summary judgment.  *Moore v. Pederson*, 806 F.3d 1036, 1041 (11th Cir. 2015).  Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In making this determination, we view the record and draw all reasonable inferences in favor of the non-moving party—here, Cendan.  *Moore*, 806 F.3d at 1041.

We agree with the district court that Cendan could prevail on his § 1983 claim based on a version of facts that would allow the conviction to stand. Our decision in *Hadley v. Gutierrez* is directly on point. 526 F.3d 1324 (11th Cir. 2008). As in *Hadley*, "The resisting arrest count to which [Cendan] pleaded guilty is general in nature, and offers no insight into the sequence of events surrounding [Cendan's] arrest, including at what point [Cendan] resisted." *Id.* at 1331. "So the question becomes, viewing the evidence in the light most favorable to [Cendan], whether a jury could conclude that at some point [Appellants] punched [and kicked] [Cendan] . . . when he was not resisting? If so, there is a constitutional violation not barred by *Heck*." *Id.* Although Cendan denied resisting at all, "the [j]ury is free to disbelieve [Cendan's] deposition testimony that he never resisted . . . , yet also believe that he was nonetheless punched [and kicked] at a time when he was not resisting." *Id.*; *see Dixon v. Hodges*, 887 F.3d 1235, 1239 (11th Cir. 2018) ("When a plaintiff alleges a fact that, if true, would conflict with the earlier punishment, but that fact is not necessary to the success of his § 1983 suit, the *Heck* bar does not apply."). Because Cendan could prevail under § 1983 by proving that Appellants used gratuitous force against him after he had stopped resisting and been subdued, the *Heck* bar does not apply. *See Hadley*, 526 F.3d at 1331; *Dyer*, 488 F.3d at 883.

With regard to the second argument, we agree with the district court that there are genuine issues of material fact with regard to two matters:  (1) when Cendan

4

stopped resisting arrest and (2) what force Appellants applied to Cendan after his resistance ended.  Based on the video evidence of the arrest and Cendan's deposition testimony, a reasonable jury could conclude that Appellants gratuitously used force against him after he had been subdued and handcuffed and was no longer resisting.[3]

"The Fourth Amendment's freedom from unreasonable searches and seizures encompasses the plain right to be free from the use of excessive force in the course of an arrest."  *Lee v. Ferraro*, 284 F.3d 1188, 1197 (11th Cir. 2002).  And this Court has repeatedly found it clearly established under the Fourth Amendment "that officers may not use excessive force against a non-resisting suspect who has already been subdued."  *Reese v. Herbert*, 527 F.3d 1253, 1274 n.33 (11th Cir. 2008); *see also Saunders v. Duke*, 766 F.3d 1262, 1265 (11th Cir. 2014) ("We have repeatedly ruled that a police officer violates the Fourth Amendment, and is denied qualified immunity, if he or she uses gratuitous and excessive force against a suspect who is under control, not resisting, and obeying commands."); *Hadley*, 526 F.3d at 1333 ("[A] handcuffed, non-resisting defendant's right to be free from excessive force was clearly established in February 2002.").

Construing the record in the light most favorable to Cendan, the alleged circumstances surrounding the use of force and our prior caselaw demonstrate that

---

[3] To the extent there is a conflict between Cendan's sworn deposition testimony and a later representation he made in his unsworn objections to the magistrate judge's report and recommendation, this is a matter for the jury to resolve.

5

the alleged use of force violated Cendan's clearly established rights.  Accordingly,

the district court properly denied qualified immunity.

**AFFIRMED.**